# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:03-cr-00102-1

ROBERT SLUCARSZYK, JR.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for resentencing. For the reasons that follow, the Court **DENIES** the United States' Motion to Resentence Defendant as an Armed Criminal (ECF No. 122), and **RESENTENCES** Defendant Robert Slucarszyk, Jr. to 120 months incarceration, no term of supervised release, and a $100 special assessment.

In resolving the issue of resentencing, the procedural history of this case is important. In 2003, Defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the Court found he qualified under the Armed Career Criminal Act ("ACCA") because he had three prior convictions of aggravated burglary in Ohio.[1] As a result, Defendant's statutory sentencing range skyrocketed from a maximum of ten years imprisonment to a mandatory minimum of at least fifteen years up to life imprisonment. *See* 18 U.S.C. § 924(e) (providing, in part, "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section

---

[1] Defendant also had a prior conviction for robbery in Ohio, but it is the status of the burglary convictions that the Court must address with respect to Defendant's argument that he should not be resentenced under the ACCA.

922(g)(1) of this title for a violent felony . . . committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years"). On December 30, 2003, Defendant was sentenced to 200 months imprisonment, three years of supervised release, and a $100 special assessment.

On September 21, 2015, Defendant filed a pro se motion pursuant to 28 U.S.C. § 2255 challenging his sentence under the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held the residual clause of the ACCA was unconstitutionally vague and violated due process. 135 S. Ct. at 2558, 2560, & 2563. Arguing *Johnson* applied to his case, Defendant asked that his motion be granted, "leading to remand of sentence, resentencing, and/or immediate release from the Federal Bureau of Prisons." *Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody*, at 13, ECF No. 74, at 14.

By Order entered on May 6, 2016, Defendant was appointed counsel to represent him on his *Johnson* claim. Counsel then filed a Motion for Partial Summary Judgment (ECF No. 87), arguing Defendant can no longer be considered an armed career criminal under *Johnson's* holding. Additionally, as Defendant already had served in excess of the ten-year statutory maximum, counsel asserted the Court should vacate Defendant's current sentence and resentence "him to time served and reduce [his] supervised release term to three years—the maximum authorized for a non-ACCA sentence for conviction under 18 U.S.C. § 922(g)." *Def.'s Mem. of Law in Supp. of Mot. for Partial Summ. J.*, at 14, ECF No. 88 (citation omitted).

Per Standing Order in this District, all cases filed pursuant to *Johnson* were referred to a Magistrate Judge. ECF No. 85. On July 13, 2018, the Magistrate Judge issued Proposed Findings and Recommendation (PF&R), concluding that Defendant is entitled to relief under § 2255. *PF&R*, at 14, ECF No. 99. Although the United States objected to this finding, it conceded that Defendant's prior convictions for aggravated burglary under Ohio Rev. Code § 2911.11 no longer qualify as violent felonies under the Sixth Circuit's decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), which held that under Tennessee law aggravated burglary does not qualify as a violent felony under the ACCA. *United States' Obj. to Mag. Judge's PF&R*, at 4, ECF No. 100. At the time, *Stitt* was on appeal to the United States Supreme Court, and the United States took the position that it was wrongly decided. *Id*. Nevertheless, the United States stated that it did not object to Defendant in this case being released from prison so he could begin serving his term of supervised release. *Id*. at 4-5.

This Court then reviewed the PF&R de novo. *See* 28 U.S.C. § 636(b)(1) (providing, in part, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). Given the United States' position and defense counsel's specific request that the Court resentence Defendant "to time served and reduce [his] supervised release term to three years,"[2] the Court denied the United States' objection and ordered Defendant released from the custody of the Federal Bureau of Prisons and placed on a term of supervised release for three years. *Mem. Op. and Order*, at 3, ECF No. 103.

---

[2]*Def.'s Mem. of Law in Supp. of Mot. for Partial Summ. J.*, at 14.

Despite Defendant's prior request that he be resentenced to time served and three years of supervised release, he then appealed this Court's decision, arguing his sentence was unlawful because he already had served 184 months of a 120-month maximum sentence. *Mot. for Certificate of Appealability*, at 5, ECF No. 109. Therefore, Defendant contended that this Court should have granted him a full resentencing in which he could argue about an appropriate term of supervised release. *Id.* As neither this Court nor the United States were opposed to Defendant being resentenced,[3] Defendant then moved this Court to enter an indicative ruling pursuant to Rule 62.1(a)(3) of the Rules of Civil Procedure. *Mot. for Relief from a J. or Order*, ECF No. 114. The Court granted the motion, and the Fourth Circuit Court of Appeals remanded the action to this Court for further proceedings.

Following remand, the United States Supreme Court reversed the Sixth Circuit's decision in *Stitt*. *United States v. Stitt*, 139 S. Ct. 399, 407 (Dec. 10, 2018). In *Stitt*, the Supreme Court held that a "burglary" under the ACCA "includes burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation." 139 S. Ct. at 403-04. In light of this holding, the United States asserts it is now clear that Defendant's Ohio burglary convictions qualify him for the enhanced penalty under the ACCA. Therefore, the United States renewed its argument that Defendant should be resentenced as an armed career criminal.

Defendant, however, opposes such a sentence. Defendant asserts that, while the United States filed objections to the PF&R, it did not appeal, nor did it file a cross appeal to this

---

[3]The United States and Defendant did not agree as to what the ultimate sentence should be at the resentencing.

Court's decision that he did not qualify as an armed career criminal under the Sixth Circuit's ruling, which was in effect at the time. Indeed, as stated earlier, the United States stated in its Objections to the PF&R that it did not oppose Defendant being released from prison so he could begin serving his term of supervised release. *United States' Obj. to Mag. Judge's PF&R*, at 4-5. Therefore, Defendant maintains that the only issue pending before the Fourth Circuit on appeal was the issue he raised, that is, the propriety of him being resentenced to time served. As the issue of whether he qualified under the ACCA was not raised on appeal, Defendant argues that the United States cannot resurrect its argument on remand.

In support, Defendant cites *Greenlaw v. United States*, 554 U.S. 237 (2008). In *Greenlaw*, a defendant appealed his sentence to the Eighth Circuit Court of Appeals. 554 U.S. at 242. The Eighth Circuit rejected the defendant's argument for a lower sentence, but it nevertheless vacated his sentence based upon "plain error" because it found his sentence should have been fifteen years longer than what was imposed by the District Court. *Id*. at 242-43. On appeal, the United States Supreme Court held that, absent an appeal or cross-appeal by the Government, the defendant's sentence could not be increased. 554 U.S. at 240. The Supreme Court explained that, under the principles of party presentment, "an appellate court may not alter a judgment to benefit a nonappealing party." *Id*. at 244. The Supreme Court reasoned it would undermine the appellate process if a defendant had to appeal at his own "peril, with nothing to alert him that, on his own appeal, his sentence would be increased until the appeals court so decreed." *Id*. at 253.

Applying *Greenlaw* to this case, Defendant argues the United States cannot now seek an increase of his sentence under the ACCA because it did not preserve that issue by appealing

or filing a cross-appeal of this Court's earlier decision that the ACCA did not apply. Had the Fourth Circuit heard Defendant's appeal, Defendant insists it could not have remanded this matter back to this Court with instructions to resentence him as an armed career criminal. Upon consideration, the Court agrees with Defendant.

The issue of whether Defendant qualified as an armed career criminal under the ACCA simply was not an issue on appeal because the United States did not challenge that determination. When this Court entered its indicative ruling pursuant to Rule 62.1(a)(3) and the Fourth Circuit remanded this action, neither Defendant nor this Court believed the 120-month statutory cap was in question because the United States did not preserve the issue through the appellate process. The United States knew *Stitt* was on appeal and could have, but chose not to, preserved its right to argue that Defendant qualified under the ACCA. As the United States elected not to do so, the Court finds that it would be inherently unfair and violate the policies underlying the party presentment doctrine to allow the United States to now try to accomplish something it could not have accomplished had Defendant proceeded with his appeal.[4] Thus, the Court will not

---

[4]Defendant insists that imposing a sentence under the ACCA would be fundamentally unfair when compared to his confederate, John Joseph Nosse, Jr., who was charged as a felon in possession of a firearm in a separate indictment. *See United States v. Nosse*, 3:03-cr-00098. Mr. Nosse was sentenced under the ACCA to 210 months imprisonment. Mr. Nosse filed a § 2255 motion four months after Defendant did in this case. Similar to Defendant, Mr. Nosse had three prior convictions in Ohio for burglary and aggravated burglary. On March 9, 2018, the Magistrate Judge issued a PF&R, recommending relief be granted. As in this case, the United States conceded at the time that Mr. Nosse's did not qualify under the ACCA. As there were no objections, the Court entered an Order on March 26, 2018, accepting and incorporating the PF&R and resentenced Mr. Nosse to 120 months imprisonment, a fine, and three years of supervised release. Mr. Nosse is currently serving his supervised release in Ohio.

As Mr. Nosse and Defendant in this case were in the exact same position under *Johnson*, Defendant argues the timing of when his § 2255 was decided versus the timing of Mr. Nosse's motion, and his sentence of "time-served" as opposed to 120 months, should not operate to result

now revisit that issue to the detriment of Defendant.[5]

Turning next to what the Court believes an appropriate sentence should be considering the statutory and Guideline sentencing factors, the Court finds that a sentence of 120 months imprisonment, followed by no term of supervised release, is appropriate. In making this decision, the Court observes that Defendant has an extensive and significant criminal history and basically has led a life of crime. Although the instant crime is a serious offense, the Court nevertheless recognizes that Defendant already has served approximately 184 months imprisonment for this offense, which is nearly five and one-half years longer than the ten-year maximum. Additionally, when Defendant was released from federal custody, he immediately was taken into custody in Ohio to begin serving a sentence for a parole violation. According to the Presentence Report, Defendant is not eligible for parole in Ohio for that offense until October 1, 2020, with a maximum sentence date of June 5, 2042. As Defendant is fifty-two years old, he faces incarceration in Ohio up to the age of 76. Defendant already has spent most of his adult life incarcerated, and he will remain incarcerated for some time to come in Ohio, with the possibility of parole for his state offense to follow. Given all these factors, the Court declines to impose a term of supervised release for the current offense. The Court finds that a sentence of 120 months

---

in such a significant difference between the two sentences. Although not necessary to this Court decision, the Court agrees with Defendant that, a matter of parity, he should not be faced with a mandatory minimum of fifteen years imprisonment when Mr. Nosse, who essentially started off in the same shoes as Defendant, was resentenced under the ten-year statutory cap.

[5]As the Court agrees with Defendant on this point, it is unnecessary for the Court to address Defendant's secondary argument that, if he was once again subject to a mandatory minimum of 180 months under *Stitt*, such a sentence would have been unforeseen and violated due process.

imprisonment, followed by no supervised release, reflects the nature and circumstances of the offense, the history and characteristics of Defendant, and the needs for deterrence.

In light of the above decision, the Court briefly addresses Defendant's objections to the revised Presentence Report. Defendant's first objection was to paragraph 14, which included disciplinary infractions of Defendant while he was in the custody of the Bureau of Prisons. As paragraph 14 has no impact on Defendant's revised sentence and defense counsel was invited to review the records at the probation office, the Court **DENIES** the objection. Second, Defendant objects to paragraphs 25 and 26, which apply the 2003 Guidelines Manual and find a base level of 24. Defendant argues, in part, that as he did not have the requisite crimes of violence, he should have started at a base offense level of 22 or 20. However, even if the Court calculated his base offense level at 20, his adjusted offense level would be 25. At an adjusted offense level of 25 and a criminal history category of VI, Defendant's Guideline range under both the 2003 and 2018 Guidelines Manual would be 110 to 137 months, which would be subject to the 120-month statutory cap. As the Court is imposing a sentence of 120 months and does not believe a lower sentence would be appropriate under any circumstances, the Court **DENIES** this objection **AS MOOT**. Likewise, the Court **DENIES AS MOOT** Defendant's third objection to the calculation of his criminal history as, even if the Court accepts Defendant's argument, it will not change his criminal history category. Defendant's fourth objection is to being considered an armed career criminal. For the reasons stated above, the Court **GRANTS** this objection. Defendant's last objection is to the calculation of his Guideline range. For the reasons stated with respect to Defendant's second objection, the Court **DENIES** this argument.

In resentencing Defendant, the Court further informs him that he has the right to appeal this sentence. If he wants to appeal, he must file a written notice of appeal with the Clerk of this Court within fourteen days of the Clerk's entry of this Court's order of sentence and judgment. If Defendant fails to file a written notice of intent to appeal within that fourteen-day period, his right to appeal expires. If Defendant files a notice, and the Court finds that he does not have the money to procure transcripts or other documents necessary to make his appeal or to pay for the services of a lawyer to represent him on your appeal, the cost will be borne by the United States.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: May 9, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE